IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMILY CHEN (A#96-817-402), *et al.*, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0270 |
| | § | |
| OFFICER ESCARENO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiffs, Emily Chen and Chuck Feng, have filed a civil rights complaint against

two immigration officials, the Secretary of the Department of Homeland Security, and the

United States Attorney General.  The plaintiffs have filed an amended version of their

complaint.  [Doc. # 7].  The defendants in this case have filed separate motions to dismiss

the case for lack of subject matter jurisdiction, among other things.  [Docs. # 10, # 20, # 21].

The plaintiffs have filed a response to each motion.  [Docs. # 13, # 22, # 23].  The defendants

have filed a reply.  [Docs. # 14, # 24, # 25].  After reviewing all of the pleadings, and the

applicable law, the Court finds that subject matter jurisdiction is lacking and dismisses this

case for reasons set forth briefly below.

## I.      BACKGROUND

The plaintiffs in this case are Emily Chen ("Chen") and her husband, Chuck Feng

("Feng").  The plaintiffs have sued Officer Adam Escareno and Field Office Director

Kenneth L. Landgrebe, individually and as officials employed by the United States

Immigration and Customs Enforcement ("ICE"), which is an agency within the Department

of Homeland Security ("DHS").  The plaintiffs also sue DHS Secretary Janet Napolitano in

her official capacity and Michael B. Mukasey in his official capacity as United States

Attorney General.

The complaint in this case stems from Chen's removal from the United States on or

about August 1, 2008.  Chen is a native and citizen of the People's Republic of China.  She

arrived in the United States in February of 2003 with a non-immigrant visa.[1]  Her temporary

visa expired on April 29, 2003.  Chen did not leave the United States or attempt to obtain an

extension before the expiration of her visa.  At some point, Chen enrolled as a full-time

student at the University of Houston-Downtown.  On or about March 31, 2006, Chen married

Feng, who is a United States citizen.  Soon thereafter, the couple hired an attorney in an

attempt to adjust Chen's immigration status.

On May 11, 2006, the plaintiffs' attorney filed a Form I-130 "Petition for Alien

Relative" (an "I-130 Petition") for an immigrant visa to classify Chen as the spouse or

"immediate relative" of a United States citizen.[2]  At the same time, the attorney filed a Form

---

[1]     The plaintiffs do not provide any details about Chen's visa or her entry into the United
        States.  According to the exhibits, it appears that Chen entered the United States with an
        "L1" or "L2" visa, which is an employment-based visa that is typically available for intra-
        company transfers from one corporate subsidiary or affiliate to another.  8 U.S.C.
        § 1101(a)(15)(L).

[2]     *See* 8 U.S.C. § 1154(a)(1)(A)(i) (providing that "any citizen of the United States claiming
        that an alien is entitled to . . . an immediate relative status . . . may file a petition with the
        Attorney General for such classification"); 8 U.S.C. § 1151(b)(2)(A)(i) (defining "immediate
        relative" to include a United States citizen's spouse).

I-485 "Application to Register Permanent Residence or Adjust Status" (an "I-485 Application") to adjust Chen's status from that of a non-immigrant to that of a lawful permanent resident.[3] The I-130 Petition and I-485 Application were denied on May 4, 2007, because Chen and Feng did not appear for a scheduled interview with an adjudication officer. Chen and Feng blamed their attorney for not providing notice of the interview.[4]

On July 9, 2007, immigration officials issued a notice to appear (an "NTA") against Chen, placing her in removal proceedings on the grounds that she had remained in the United States beyond April 29, 2003, without the requisite authorization. In other words, Chen overstayed her temporary nonimmigrant visa. As a result, the NTA alleged that Chen was subject to removal under Section 237(a)(1)(B) of the Immigration and Nationality Act (the "INA"), codified at 8 U.S.C. § 1227(a)(1)(B), for remaining in the United States for a time longer than permitted by law.[5] On September 22, 2007, immigration officials sent Chen notice that a removal hearing had been set. A second notice was mailed to Chen on October

---

[3]     The status of an alien "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe," provided that "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a).

[4]     Later, on December 12, 2007, Chen and Feng re-filed an I-130 Petition and an I-485 Application with the assistance of new counsel. By this time, however, Chen had been placed in removal proceedings.

[5]     "Any alien who is present in the United States in violation of this chapter or any other law of the United States, or whose nonimmigrant visa (or other documentation authorizing admission into the United States as a nonimmigrant) has been revoked under section 1201(i) of this title, is deportable." 8 U.S.C. § 1227(a)(1)(B).

24, 2007, advising her that the removal hearing was scheduled for February 6, 2008. Chen

and Feng reportedly did not receive the NTA or any of the notices.[6] Likewise, neither of the

attorneys retained by Chen and Feng received a copy of the NTA or the notices. Because

Chen did not respond to the NTA or appear at the scheduled hearing, the immigration judge

entered an order of removal *in absentia* against her on February 6, 2008.

Immigration officials executed the removal order on February 15, 2008. On that date,

Chen was arrested and placed in detention to await her removal. Shortly thereafter, Chen

filed an emergency motion with the immigration judge, seeking to reopen the removal

proceeding and to stay the removal order. At the same time, Chen filed an appeal from the

removal order with the Board of Immigration Appeals (the "BIA"). On March 11, 2008, the

immigration judge denied the motion to reopen for lack of jurisdiction because Chen's direct

appeal remained pending with the BIA. On June 27, 2008, the BIA dismissed the appeal for

lack of jurisdiction.

Chen filed a second motion to reopen with the immigration judge at approximately

2:00 p.m. on Friday, August 1, 2008. When a person who has been ordered removed *in*

*absentia* files a motion to reopen, the order of removal is automatically stayed pending an

adjudication of that motion. 8 C.F.R. § 1003.23(b)(4)(ii). A warrant for Chen's removal (a

"Form I-205"), was signed that same day. [Doc. # 21, Ex. 21]. The warrant was executed

on August 2, 2008, when Chen was placed on an international flight in San Francisco,

---

6        The record confirms that immigration officials sent the NTA to the address provided by
         Chen on her I-485 Application. (Doc. # 1, Supplement to Ex. D, at 12).

California, to effect her removal to China.  [*Id.*].  Officer Escareno is identified as the

individual official who took Chen's fingerprint for the warrant.  [*Id.*].  On August 14, 2008,

an immigration judge granted Chen's motion to reopen the proceedings and characterized her

removal as "improper" in light of the automatic stay.  [Doc. # 7, Ex. J].

Chen remains in China.  Because of the administrative removal, it appears that she is

now inadmissible and unable to obtain a visa to the United States.  Chen complains that she

was arrested before the removal order had become final and detained in violation of her

Fourth and Fifth Amendment rights.  [Doc. # 7, ¶ 19].  Chen claims that she was also

removed without due process and denied effective assistance of counsel.  She seeks damages

for the violation of her constitutional rights under 42 U.S.C. § 1983.  [*Id.*].  In addition, Chen

and Feng seek damages under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 1346,

for false arrest, false imprisonment, and intentional infliction of emotional distress.[7]  [*Id.*].

The defendants, all of whom are employed by the federal government, have filed

separate motions to dismiss the claims against them in their individual and official capacities

for lack of subject matter jurisdiction and for failure to state a claim upon which relief can

be granted.   The defendants have also filed alternative motions for summary judgment on

the plaintiffs' claims.  Because the Court concludes that it lacks subject matter jurisdiction

---

[7]     The plaintiffs also seek injunctive relief from the removal order entered against Chen.  As
the plaintiffs concede, Chen has been removed from the United States.  Because the Court
cannot reverse this event, any claim for injunctive relief is moot. *See Humphries v. Various
Federal USINS Employees*, 164 F.3d 936, 943 (5th Cir. 1999).

over the plaintiffs' claims, the parties' contentions are discussed below under the governing

legal standard for motions under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II.     STANDARD OF REVIEW

Motions to dismiss for lack of subject matter jurisdiction are governed by Rule

12(b)(1) of the Federal Rules of Civil Procedure.  Federal courts are courts of limited

jurisdiction, having subject matter jurisdiction only over those matters specifically designated

by the United States Constitution or Congress.  *See Johnson v. United States*, 460 F.3d 616,

621 n.6 (5th Cir. 2006) (citations omitted).  The existence of subject matter jurisdiction may

be challenged at any stage in the litigation and may be raised by the district court on its own

motion.  *See Nguyen v. District Director, Bureau of Immigration*, 400 F.3d 255, 260 (5th Cir.

2005) (citations omitted); *see also B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir.

Unit A 1981) (stating that "where a federal court proceeds in a matter without first

establishing that the dispute is within the province of controversies assigned to it by the

Constitution and statute, the federal court poaches upon the territory of a coordinate judicial

system, and its decisions, opinions, and orders are of no effect").

"A case is properly dismissed for lack of subject matter jurisdiction when the court

lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*,

402 F.3d 489, 494 (5th Cir. 2005) (citations omitted).  When considering whether subject

matter jurisdiction exists, the district court is "free to weigh the evidence and resolve factual

disputes in order to satisfy itself that it has the power to hear the case." *Id.*  As the party

seeking federal court review, the plaintiff bears the burden of demonstrating that jurisdiction

is proper.  *See Lara v. Trominski*, 216 F.3d 487, 491 (5th Cir. 2000) (citing *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)).

## III.  DISCUSSION

### A.  Removal Orders *In Absentia*

As noted above, Chen filed an I-485 Application in an attempt to adjust her status. After her I-485 Application was denied, immigration officials issued an NTA, alleging that Chen was subject to removal for overstaying her visa.  Chen does not dispute that she remained in the United States well beyond the expiration of her temporary visa on April 29, 2003.  Likewise, it is undisputed that Chen did not appear at her removal hearing on February 6, 2008.

Under 8 U.S.C. § 1229a(b)(5)(A), an alien who does not attend a hearing after written notice has been provided to the alien or the alien's counsel of record shall be ordered removed *in absentia* if the government establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable.  The notice requirement for obtaining a removal order is satisfied if proper notice is provided at the most recent mailing address provided by the alien.  *See* 8 U.S.C. § 1229a(b)(5)(A); *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).  Based on information provided at the hearing, the immigration judge found that Chen received proper service of the charging documents and her removability had been "resolved by clear, convincing, and unequivocal" proof.  [Doc. # 21, Ex. 4].  Therefore, the immigration judge entered an order of removal *in absentia* against Chen on February 6, 2008.  [Doc. # 21, Ex. 5].

7

An order of removal *in absentia* is administratively final upon entry.   8 C.F.R. § 1241.1(e).   In this instance, Chen was arrested pursuant to the final order of removal on February 15, 2008, and taken into custody.   Chen promptly filed a motion with the immigration judge in an attempt to reopen her removal proceedings.

A removal order entered *in absentia* may be rescinded or set aside only upon a motion to reopen that is filed within 180 days from the date of the removal order, and only upon a showing that the alien's failure to appear was the result of "exceptional circumstances."  8 U.S.C. § 1229a(b)(5)(C)(i).  Alternatively, a removal order may be rescinded upon a motion to reopen filed at any time if the alien shows that he did not receive proper notice of the hearing or because he was in Federal or State custody and failed to appear through no fault of his own.  *Id.* at § 1229a(b)(5)(C)(ii).   A motion to reopen may only be filed with the immigration court that entered the *in absentia* order of removal.  *Id.* at § 1229a(b)(5)(C). Subject to certain exceptions that are not pertinent here, aliens who are subject to an order of removal are limited to only one motion to reopen.  *Id.* at § 1229a(c)(7); *Singh v. Gonzales*, 435 F.3d 484, 489-90 (5th Cir. 2006) (observing that a motion to reopen challenging an *in absentia* removal order "exhausts the one class of motions to reopen that the INA permits").

While the alien's motion to reopen is pending, the INA provides for an automatic stay of deportation for aliens seeking to rescind an *in absentia* removal order.   8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(1)(v); *In re M-S-*, 22 I. & N. Dec. 349, 354 (BIA 1998) (explaining that a motion to reopen to rescind an *in absentia* removal order "is the only motion to reopen for which an automatic stay of deportation ensues").  The stay remains in

effect until the immigration court rules on the motion to reopen.  *See* 8 U.S.C.

§ 1229a(b)(5)(C) (providing that removal is stayed "pending disposition of the motion by the

immigration judge"); *see also Galvez-Vergara v. Gonzales*, 484 F.3d 798, 803 n.7 (5th Cir.

2007) (observing that, once the alien's motion to reopen was ruled on, he was no longer

entitled to a stay of removal).  In this case, Chen's motion to reopen was denied on March

11, 2008.  The parties dispute whether the stay of removal expired at that time.  It is not

controverted, however, that Chen remained in detention from the date of her arrest on

February 15, 2008, until her removal on August 2, 2008.

### B.      Judicial Review of Claims Arising From the Removal Order

The plaintiffs complain that the defendants are liable for constitutional violations

under 42 U.S.C. § 1983 and under state tort law for actions stemming from the February 6,

2008 removal order.  In particular, as outlined above, the plaintiffs allege that the removal

order was entered without adequate notice and therefore in violation of her right to due

process and the effective assistance of counsel.  Arguing that the removal order was invalid,

the plaintiffs complain that Chen was subjected to false arrest, unlawful detention, and

wrongful removal from the United States for discriminatory or selective reasons.  The

plaintiffs insist, moreover, that Chen was wrongfully removed from the United States in

violation of an automatic stay of deportation that took effect when she filed her motion to

reopen.  Seeking monetary relief for violations of Chen's constitutional rights under 42

U.S.C. § 1983, the plaintiffs also include state law claims for false arrest, false imprisonment,

and intentional infliction of emotional distress.

The defendants argue that, because all of the plaintiffs' claims stem from the execution of the removal order, the complaint must be dismissed as barred by Section 242(g) of the INA, codified at 8 U.S.C. § 1252(g), which contains the following jurisdictional limitation on federal court review:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien* under this chapter.

8 U.S.C. § 1252(g) (emphasis added).  The Supreme Court has given § 1252(g) a "narrow" reading and stated that it "applies to only a limited subset of deportation claims." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999). Specifically, the Court has construed this provision to preclude judicial review of "the Attorney General's discrete acts of 'commenc[ing] proceedings, adjudicat[ing] cases, [and] execut[ing] removal orders' which represent the initiation or prosecution of various stages in the deportation process." *Id.* at 483.

The Fifth Circuit has also construed § 1252(g) narrowly to preclude claims "arising from" the discrete actions identified in the statute. *See Humphries v. Various Federal USINS Employees*, 164 F.3d 936, 942-43 (5th Cir. 1999).  Claims bearing a "weak, remote, or tenuous connection to a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders,'" are not barred from federal review. *See id.* at 943.  For example, an alien's claims of mistreatment while in detention

10

bear no more than a remote relationship to the execution of a removal order and are not precluded from consideration by a federal court by § 1252(g). *See id*. at 944. By contrast, claims that are "connected directly and immediately with a 'decision or action by the Attorney general to commence proceedings, adjudicate cases, or execute removal orders,'" are preluded from review by § 1252(g). *Id.* For example, a federal court has no jurisdiction to consider a claim that an alien has been excluded or removed for retaliatory reasons in violation of the First Amendment because such an allegation "arises from" a decision to exclude or remove the alien. *Id.* at 945.

In the instant case, the plaintiffs allege that the removal order was entered improperly, *in absentia*, on February 6, 2008 in violation of Chen's right to due process and the effective assistance of counsel. They claim that Chen was then wrongfully arrested, detained, and removed pursuant to that order in violation of her constitutional rights. In a case involving similar circumstances, the Fifth Circuit has held that claims such as these arise from or are directly connected to the execution of a removal order and are precluded from judicial review. In *Foster v. Townley*, 243 F.3d 210 (5th Cir. 2001), an alien filed a civil rights action against several immigration officers and officials for wrongful deportation. Similar to the claims raised by the plaintiffs in this case, Foster argued that a deportation order was executed in violation of an automatic stay provision that was triggered by his appeal from the immigration judge's decision to deny his motion to reopen an *in absentia* removal order. The Fifth Circuit concluded that the plain language found in 8 U.S.C. § 1252(g) precluded review of any cause or claim that was connected directly and immediately with a decision

11

or action taken to commence proceedings, adjudicate cases, or execute removal orders. *Foster*, 243 F.3d at 214-15 (citing *Humphries*, 164 F.3d at 942).  In that respect, the Fifth Circuit held that the court had no jurisdiction to consider the plaintiff's claims of excessive force, denial of due process, denial of equal protection, and retaliation in connection with the actions taken to execute the removal order because those claims were precluded from judicial review by 8 U.S.C. § 1252(g).  *Id.*

Clearly, the heart of the plaintiffs' complaint concerns actions by immigration officials to effect Chen's arrest, detention, and removal, which were undertaken pursuant to the *in absentia* removal order entered by the immigration judge on February 6, 2008.[8]  Thus, all of the plaintiffs' claims are connected directly and immediately with a decision or action by the Attorney General to execute the February 6, 2008 order of removal.  *See Humphries*, 164 F.3d at 943.  Because all of the plaintiffs' allegations fall within the ambit of § 1252(g), judicial review is unavailable and the defendants' motion to dismiss under Rule 12(b)(1) must be granted.[9]

---

[8]     The Court notes that the plaintiffs include a claim that Chen was detained unreasonably for nearly six months.  Challenges to the duration of an immigration detainee's confinement are actionable under 28 U.S.C. § 2241, on the grounds that removal is not imminently foreseeable.  In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that Due Process requires an immigration detainee's release under certain circumstances, after the expiration of a presumptively reasonable six-month period of detention, where there is no prospect of removal in the foreseeable future.  Chen, who was removed before the expiration of the six-month time period, does not seek habeas corpus relief.  Rather, she appears to seek only monetary damages for her false arrest, imprisonment, and removal.

[9]     The defendants argue, in the alternative, that they are entitled to official immunity from the plaintiffs' claims against them because the plaintiffs did not exhaust their administrative
(continued...)

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.      The defendants' motions to dismiss under Rule 12(b)(1) of the Federal Rules

of Civil Procedure (Docs. # 10, # 20, # 21) are **GRANTED**.

2.      This case is **DISMISSED** for lack of subject matter jurisdiction.  Therefore,

the defendants' alternative motions to dismiss under Rule 12(b)(6) and for

summary judgment (Docs. # 10, # 20, # 21) are **MOOT**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on September 18th, 2009.

_____
Nancy F. Atlas
United States District Judge

---

[9](...continued)

remedies as required under the Federal Tort Claims Act.  *See* 28 U.S.C. § 2675(a).
Likewise, the defendants argue that Officer Escareno and Field Office Director Landgrebe
are entitled to qualified immunity from the plaintiffs claims against them in their individual
capacity.  The complaint, which invokes 42 U.S.C. § 1983, fails to establish liability for civil
rights violations because this statute applies only to state actors, and not actions taken by
federal agencies or officials.  The defendants also argue that the complaint fails to allege any
personal involvement by Officer Escareno and provides insufficient facts showing that Field
Office Director Landgrebe had any first-hand knowledge of, or involvement in, the removal
order on which the complaint is based.  Although the defendants' arguments appear well
taken, the Court declines to address them further because the merits of the plaintiffs'
complaint — which stems entirely from the execution of the removal order — is clearly
precluded from judicial review by 8 U.S.C. § 1252(g).